UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   Case No. 3:20-cr-86(S1)-TJC-JBT

JORGE PEREZ, et al.

**SUPPLEMENTAL NOTICE OF INTENT TO USE EXPERT WITNESS AND GOVERNMENT'S DISCLOSURE TO DEFENDANTS**

The United States of America hereby files this Supplemental Notice of Expert Disclosure. When it complied with the expert disclosure in this case on October 13, 2020 (Doc. 193), the Government notified the Court that as part of its case in chief, it may introduce the testimony of Dr. Kelly Clark. Dr. Clark provided an expert report and curriculum vitae (C.V.), which the Government produced to defense counsel and the Court.

In January, the Government notified defense counsel that, due to medical reasons, Dr. Clark will be unable to testify in the trial. The Government followed up by notifying defense counsel that in place of Dr. Clark, it may call Dr. R. Corey Waller. The Government also provided Dr. Waller's C.V. as well as a list of the federal cases in which he has testified as an expert. The Government will provide Dr. Waller's C.V., and any report that he prepares to the Court. Dr. Waller is qualified, his methodology of testifying relying on his experience in the industry meets the *Daubert* standard, and his testimony would be helpful to the jury as they evaluate the allegations in this case.

1

For purposes of background, Dr. Waller is a licensed Medical Doctor (M.D.) in Michigan. Since 2018, he has been a Principal and then Managing Director of the HMA Institute on Addiction. Since 2020, he has practiced emergency medicine in multiple emergency departments. He has also served as Senior Medical Director for Education and Policy at The National Center for Complex Health and Social Needs, as a Director for the Center for Integrative Medicine, and the President of the Michigan Society of Addiction Medicine. He is board certified in addiction medicine and emergency medicine. He is the editor-in-chief of the American Society of Addiction Medicine ("ASAM") criteria, which are the standards for addiction treatment.

Dr. Waller's testimony, including the expert opinion he renders, will be based on his: (1) professional expertise, including his medical training, clinical experience, and board certifications; (2) knowledge of relevant medical standards of practice and care in the substance abuse treatment field; (3) review and publication of medical texts, journals, and treatises; (4) employment history; and (5) continuing medical education requirements.

The Government has provided defense counsel with Dr. Clark's expert report in this case, which serves as a guide for Dr. Waller's anticipated testimony. Dr. Waller will review the expert report that defense counsel received, and will independently review the billing data for the patients discussed in Dr. Clark's report and a small number of patient files. While Dr. Waller may review documents (beyond what Dr. Clark reviewed) as part of his work in this case and in preparation

for trial, he will largely review the same billing data. Dr. Waller will conduct his own independent review of this data and other materials in this case, and will draw his own conclusions. Dr. Waller may also provide a short supplemental report detailing his conclusions beyond those noted by Dr. Clark. If Dr. Waller comes to any different conclusions than Dr. Clark—which the Government does not expect—the Government will notify defense counsel.

## EXPECTED AREAS OF EXPERT TESTIMONY

Dr. Waller's testimony will cover the same topics that the Government disclosed when it provided Dr. Clark's expert report (Doc. 193), and will be much the same as the expert testimony described in its Opposition to Defendant Porter's Motion to Exclude Dr. Clark (Doc. 282).

Dr. Waller will provide expert testimony about the nature and purpose of urine (and to a lesser extent blood) testing generally, which will provide a baseline of knowledge, allowing the jury to evaluate the fraud allegations in this case. His expert testimony on the proper use in medical treatment of laboratory testing, and his opinions on the lack of medical necessity for such testing billed for by the Defendants, will assist the jury to determine the fraud allegations. Dr. Waller will establish deviations from the basic standards of laboratory testing for the claims billed through the rural hospitals in this case. His expert testimony is therefore relevant to the Defendants' knowledge and intent. Dr. Waller is eminently qualified, and has testified as an expert witness in other federal cases.

Broadly, Dr. Waller will outline for the jury how laboratory testing is supposed to work, why it is ordered, what it typically costs, and how it can be used to treat patients. Dr. Waller will further describe when urine and blood testing is appropriate; the different kinds of tests; and the applicable standards of care for professionals in the field. Jurors will benefit from an expert to explain these subjects.

Dr. Waller will also explain the role of laboratory testing for certain patients, such as those in substance abuse treatment, and what constitutes legitimate testing for such patients. As an addiction treatment expert, he is qualified to do this. Urine drug testing formed the bulk of what the Government alleges was fraudulent, excessive, and medically unnecessary testing in this case. Dr. Waller will comment on the different kinds of urine drug testing (initial point-of-care testing, and the more expensive and complex confirmatory testing). He will further outline the purpose and types of urine and blood testing; how such tests should be reviewed; and what urine and blood tests are medically necessary. Dr. Waller will also describe problematic patterns of billing for these tests that he identified in the data.

Dr. Waller will thus provide (a) a baseline understanding from which the jury can judge for themselves whether the defendants committed health care and wire fraud as charged in the Indictment, and (b) specific examples of such fraud for the jury to evaluate.

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

 /s/ *Tysen Duva*
TYSEN DUVA
Assistant United States Attorney
Florida Bar No. 0603511
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone:   (904) 301-6300
Facsimile:   (904) 301-6310
E-mail:   Tysen.Duva@usdoj.gov

JOSEPH BEEMSTERBOER
Acting Chief

U.S. DEPARTMENT OF JUSTICE
CRIMINAL DIVISION, FRAUD SECTION

 /s/ *James V. Hayes*
 JAMES V. HAYES
 FL Bar # A5501717
 Senior Litigation Counsel
 GARY A. WINTERS
 FL Bar # A5501852)
 Trial Attorney
 United States Department of Justice
 Criminal Division, Fraud Section
 1400 New York Avenue, NW
 Washington, DC 20005
 Tel: (202) 774-4276
 Email: James.Hayes@usdoj.gov
         Gary.Winters@usdoj.gov

5

## **CERTIFICATE OF SERVICE**

 I, hereby certify that, on February 28, 2022, a true and correct copy of the foregoing was filed and served on all counsel via the CM/ECF system.

               */s/ Tysen Duva*
                Tysen Duva